ORANGE COUNTY, NEW YORK, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 80–4068.

United States Court of Appeals, Second Circuit.

Oct. 3, 1980.

Before LUMBARD, OAKES and NEW-MAN, Circuit Judges.

## ORDER

Appeal from an order of the Secretary of Labor, United States Department of Labor, holding that Orange County's hiring of Mrs. Janet Allard violated the nepotism restrictions of Section 98.22 of the Comprehensive Employment and Training Act (CETA) regulations, 29 C.F.R. Part. 98.

The argument that the administrative law judge misconstrued the meaning of the word "nepotism" in the regulation and because Mr. and Mrs. Allard worked in different departments no violation occurred is unavailing. Mr. Allard was both "a member of the immediate family" and "engaged in an administrative capacity." The regulation was clearly within the power of the Secretary of Labor to adopt, 29 U.S.C. § 801, Congress specifically so providing in respect to nepotism, see 29 U.S.C. § 825(g). This regulation while somewhat mechanical obviously was designed to avoid problems which Congress foresaw in the administration of the CETA program.

While Orange County has standing to appeal statutory questions or questions arising under the regulations under 29 U.S.C. § 817, it lacks standing to appeal the constitutional rights of the CETA recipients. Even if it had standing as to those, however, there is no suspect classification so as to permit a claim under the equal protection clause and no fundamental rights of liberty or property are involved so as to give rise to due process claims.

Petition to review denied; decision of the Secretary of Labor affirmed.